UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MEGAN KYTE,<br>      Petitioner, | Case No. 1:21-cv-19 |
| v. | Black, J.<br>Litkovitz, M.J. |
| HAMILTON COUNTY JAIL, et al.,<br>      Respondents. | REPORT AND<br>RECOMMENDATION |

On January 11, 2021, petitioner filed a "complaint" seeking federal habeas corpus relief in this Court. Petitioner challenges her Ohio assault conviction and seeks a reduced sentence. (Doc. 1). On January 15, 2021, the undersigned issued an Order for petitioner to show cause in writing within thirty (30) days why the petition should not be dismissed. As noted in the Order, it appears that petitioner was not in custody pursuant to the challenged conviction/sentence at the time the petition was filed and has failed to exhaust her available state court remedies. (*See* Doc. 2).[1]

To date, more than thirty days after the Court's January 15, 2021 Order, petitioner has failed to respond to the Order of the Court.[2]

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition

---

[1] As indicated in the Order, on September 23, 2019, petitioner filed a prior habeas corpus petition in this Court, challenging her Hamilton County, Ohio assault conviction and 150-day sentence in case number C/19/CRB/17627. *Kyte v. Warden,* Case No. 1:19-cv-809 (S.D. Ohio Sept. 23, 2019) (Bertelsman, J.; Bowman, M.J.). On August 26, 2020, the case was dismissed without prejudice for lack of exhaustion. (Doc. 10). Specifically, the Court noted that petitioner had not sought appellate review of her conviction and sentence and had the available remedy of a delayed direct appeal. (*See* Doc. 9 at PageID 59-60). Review of the Hamilton County Clerk of Court's online docket records suggests that petitioner has not sought any further review in the Ohio courts after her initial petition was dismissed. Furthermore, it appears that petitioner had fully served her sentence and was released from the Hamilton County Justice Center on November 28, 2019, prior to filing the instant petition. (*Id.* at PageID 58). *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989) ("[T]he habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time [her] petition is filed.").

[2] Petitioner has instead filed a document that is not responsive to the Order of the Court. (*See* Doc. 3).

of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's January 15, 2021 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 2/23/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEGAN KYTE,
    Petitioner,

v.

HAMILTON COUNTY JAIL, et al.,
    Respondents.

Case No. 1:21-cv-19

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).